**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division**

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    v.

                                      **Case No. 8:08-cv-993-T-27MAP**

GLOBAL DEVELOPMENT &
ENVIRONMENTAL RESOURCES, INC.,
PHILIP PRITCHARD, PIETRO CIMINO,
DANTE M. PANELLA,
DARKO S. MRAKUZIC,
ANTHONY M. CIMINI, SR.,
AND CARMINE J. BUA,

        Defendants,

QUANTUMVEST HOLDINGS, LTD.,

        Relief Defendant.

_____ /

## FINAL JUDGMENT AS TO DEFENDANT DARKO S. MRAKUZIC

On March 8, 2010, a seven-member jury found Defendant Darko S. Mrakuzic violated

Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), and Section 10(b) of the

Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10b-5. After the jury

verdict, the Commission requested this imposition of several forms of equitable relief against

Mrakuzic. Having fully considered the Commission's motion for relief and Mrakuzic's response:

**I.**

## VIOLATION OF SECTION 5 OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Mrakuzic and his agents, servants, employees,

attorneys, and all persons in active concert or participation with them who receive actual notice of

this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

**VIOLATION OF SECTION 10(b) OF THE SECURITIES
EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b-5**

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. §

78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic shall pay disgorgement of $6,618,568; prejudgment interest of $2,060,829; and a civil penalty of $6,618,568, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## IV.

### JOINT AND SEVERAL LIABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic is liable for the entire disgorgement and prejudgment interest specified above; however, Relief Defendant Quantumvest Holdings, Ltd. is jointly and severally liable with Mrakuzic for $2,830,878 of the disgorgement plus prejudgment interest. Accordingly, Mrakuzic's obligation pursuant to this Final Judgment shall be reduced by all payments Quantumvest makes toward satisfaction of the Final Judgment against it. (Dkt.__)

<center>**V.**</center>

<center>**PAYMENT INSTRUCTIONS**</center>

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic shall satisfy the disgorgement, prejudgment interest, and civil penalty amounts ordered herein by paying $15,297,965 within 14 days after the entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Darko S. Mrakuzic as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. Mrakuzic shall simultaneously transmit photocopies of such payment and letter to Brian K. Barry, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Mrakuzic relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Mrakuzic shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such

<center>4</center>

Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Mrakuzic shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Mrakuzic's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Mrakuzic's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Mrakuzic shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Mrakuzic by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Mrakuzic shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Mrakuzic pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Mrakuzic shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Mrakuzic pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

<div align="center">

**VI.**

**PENNY STOCK BAR**

</div>

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

<div align="center">

**VI.**

**REPATRIATION ORDER**

</div>

**IT IS FURTHER ORDERED AND ADJUDGED** that Mrakuzic, his agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a)     take such steps as are necessary to repatriate to the territory of the United States funds sufficient to satisfy the amount of disgorgement, prejudgment interest, and civil penalty set forth in this Final Judgment (and post-judgment interest thereon), and deposit such funds into the Registry of this Court pursuant to the Payment Instructions above; and

(b)     provide the Commission and the Court a written description of the funds and assets so repatriated.

Dated: _____ ___, 2010

<div style="margin-left: 50%;">

_____

THE HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

</div>

Copies to:  All counsel of record
                 and *pro se* defendants